**IT IS ORDERED as set forth below:**



Date: March 22, 2022

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| In re: | : |
| | : CASE NO. **20-10925-PMB** |
| **CHAUNCEY DAMON HILL**, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| | : |
| **JOHN W. PUCCI, SR. d/b/a** | : |
| **Chestnut Run Excavating & Tree Service,** | : |
| | : |
| Plaintiff, | : |
| | : ADVERSARY PROCEEDING |
| v. | : |
| | : NO. **20-1031** |
| **CHAUNCEY DAMON HILL,** | : |
| **H&H DEMOLITION & HAULING, INC.,** | : |
| **EAGLE DEMOLITION** | : |
| **& ENVIRONMENTAL, INC.,** | : |
| and **VETIA HOLLAND**, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER (I) GRANTING DEFENDANT VETIA
HOLLAND'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AS TO DEFENDANTS VETIA HOLLAND**

**AND EAGLE DEMOLITION & ENVIRONMENTAL, INC.
AND (II) DENYING AS MOOT DEFENDANT VETIA HOLLAND
AND DEFENDANT EAGLE DEMOLITION & ENVIRONMENTAL, INC.'S
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST
<u>INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

The following matters are before the Court:

(1) *Defendant Vetia Holland's Motion to Dismiss Plaintiff's Complaint as to Defendants Vetia Holland and Eagle Demolition & Environmental, Inc*. (Docket No. 20),[1] and *Defendant Vetia Holland's Brief in Support of Motion to Dismiss Plaintiff's Complaint as to Defendants Vetia Holland and Eagle Demolition & Environmental, Inc.,* filed on March 2, 2021 (Docket No. 21)(collectively, the "<u>Original Motion to Dismiss</u>");

(2) *Defendant Vetia Holland's Amended Motion to Dismiss Plaintiff's Complaint* (Docket No. 38), and *Defendant Vetia Holland's Brief in Support of Amended Motion to Dismiss Plaintiff's Complaint,* filed on October 15, 2021 (Docket No. 39)(collectively, the "<u>Amended Motion to Dismiss</u>"; with the Original Motion to Dismiss, the "<u>Motion to Dismiss</u>");

(3) *Plaintiff's Response in Opposition to Defendant Vetia Holland's Motion to Dismiss Plaintiff's Complaint as to Defendants Vetia Holland and Eagle Demolition & Environmental, Inc*. (Docket No. 23), and *Plaintiff's Brief in Opposition to Defendant Vetia Holland's Motion to Dismiss Plaintiff's Complaint as to Defendants Vetia Holland and Eagle Demolition & Environmental, Inc.,* filed on March 16, 2021 (Docket No. 24)(collectively, the "<u>Plaintiff's Original Response</u>");

---

[1] Vetia Holland filed the Motion to Dismiss on behalf of herself and as an officer and shareholder of Eagle Demolition & Environmental, Inc. *See* Original Motion to Dismiss, pp. 1-2 and Amended Motion to Dismiss, p. 1, respectively. The Plaintiff did not object to Vetia Holland seeking dismissal on behalf of Eagle Demolition & Environmental, Inc.

(4) *Plaintiff's Supplemental Response in Opposition to Defendant Vetia Holland and Defendant Eagle Demolition & Environmental, Inc.'s Amended Motion to Dismiss Plaintiff's Complaint as to Defendants Vetia Holland and* (sic.) *Demolition & Environmental, Inc.* (Docket No. 40), and *Plaintiff's Supplemental Brief in Opposition to Defendant Vetia Holland's Amended Motion to Dismiss Plaintiff's Complaint as to Defendants Vetia Holland and Eagle Demolition & Environmental, Inc.,* filed on October 29, 2021 (Docket No. 41)(collectively, the "Plaintiff's Amended Response"; with Plaintiff's Original Response, the "Plaintiff's Response");

(5) *Defendant Vetia Holland and Defendant Eagle Demolition & Environmental, Inc., Motion for Extension of Time to Respond to Plaintiff's First Interrogatories and First Request for Production of Documents* (Docket No. 18), and *Defendant Vetia Holland and Defendant Eagle Demolition & Environmental, Inc., Brief in Support of Motion for Extension of Time to Respond to Plaintiff's First Interrogatories and First Request for Production of Documents,* filed on March 2, 2021 (Docket No. 19)(collectively, the "Motion to Extend Time"); and

(6) *Plaintiff's Response in Opposition to Defendant Vetia Holland and Defendant Eagle Demolition & Environmental, Inc.'s Motion for Extension of Time to Respond to Plaintiff's First Interrogatories and First Request for Production of Documents* (Docket No. 25), and *Plaintiff's Biref* (sic.) *in Support of His Response in Opposition to Defendant Vetia Holland and Defendant Eagle Demolition & Environmental, Inc.'s Motion for Extension of Time to Respond to Plaintiff's First Interrogatories and First Request for Production of Documents* filed on March 16, 2021 (Docket No. 26)(collectively, the "Plaintiff's Response to Motion to Extend Time").

3

I. **Procedural Posture**

John W. Pucci, Sr. d/b/a Chestnut Run Excavating & Tree Service (the "Plaintiff" or "Chestnut Run") initiated this Adversary Proceeding (the "Adversary Proceeding") through the filing of an eight-count complaint titled *John W. Pucci, Sr.'s Complaint Objecting to Discharge of Debts and Adversary Proceeding for Damages and for Equitable Relief* on September 15, 2020 (Docket No. 1)(the "Complaint") against Chauncey Damon Hill (the "Debtor"), H&H Demolition & Hauling, Inc. ("H&H Demolition"), Vetia Holland ("Holland"), and Eagle Demolition & Environmental, Inc. ("Eagle Demolition")(together, the "Defendants").[2] The eight (8) counts of the Complaint are as follows:

Count I: Objection to Discharge of Chauncey Hill Debt and Resurgence Demolition Debt (¶¶ 77-94);

Count II: Declaratory Judgment and Equitable Relief Concerning Ownership of the Equipment (¶¶ 95-116);[3]

Count III: Turnover of the Equipment to the Estate (¶¶ 117-20);

Count IV: Declaratory Judgment and Equitable Relief Concerning Ownership of the Co-Defendant Eagle Demolition (¶¶ 121-44);

Count V: Preliminary Injunctive Relief Concerning the Equipment and Assets of Eagle Demolition (¶¶ 145-57);

Count VI: Piercing the Corporate Veil Against the Co-Defendant Vetia Holland (¶¶ 158-73);

---

[2] The Debtor filed the underlying bankruptcy case (the "Main Case") under Chapter 7 of Title 11, United States Code, on June 17, 2020 (Main Case, Docket No. 1)(the "Petition Date"). The Main Case and the Adversary Proceeding were transferred from Judge W. Homer Drake, Jr. to Judge Paul M. Baisier on February 1, 2021. *See* Main Case, Docket No. 51 and Adversary Proceeding, Docket No. 13, respectively.

[3] The "Equipment" is defined in the Complaint in paragraph 28 as thirteen (13) specific pieces of equipment and vehicles that the Plaintiff asserts H&H Demolition held title to on August 21, 2011 (the "Equipment").

4

Count VII: Avoidance of Voidable Transfers to Co-Defendant Vetia Holland (¶¶ 174-200); and

Count VIII: Attorneys' Fees and Expenses of Litigation (¶¶ 201-03).

*See* Complaint.

Following a telephonic status conference held on April 19, 2021, the Court held an evidentiary hearing on Count I of the Complaint on June 14, 2021 (the "Evidentiary Hearing") on the issue of dischargeability of the indebtedness owed by the Debtor to the Plaintiff (the "Indebtedness").[4] *See Order and Notice Scheduling Evidentiary Hearing on Count I Of Plaintiff's Complaint*, entered on May 5, 2021 (Docket No. 28). The Plaintiff argued that the Indebtedness should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).[5] By *Order Granting Judgment to the Debtor on Count I of the Plaintiff's Complaint* entered on September 20, 2021 (Docket No. 33)(the "Count I Order"), the Court determined that the Indebtedness was not excepted from discharge on the grounds alleged by the Plaintiff and that it was dischargeable. Following the Count I Order, on September 21, 2021, the Court entered an *Order Allowing Parties Time to Supplement Filing on (1) Defendant Vetia Holland's Motion to Dismiss Plaintiff's Complaint as to Defendants Vetia Holland and Eagle Demolition & Environmental, Inc. and (2) Defendant Vetia*

---

[4] On February 2, 2018, the State Court of Carroll County, Georgia entered an *Order and Final Judgment on the Plaintiff's Motion for Summary Judgment* (the "State Court Order") in favor of the Plaintiff and against the Debtor on the Indebtedness in *John W. Pucci, Sr. d/b/a Chestnut Run Excavating and Tree Service v. Chauncey Hill and Resurgence Demolition & Environmental, LLC*, Civil Action File No. 15-S-00324 (the "Carroll County Action"). *See* Complaint, ¶¶ 2, 16 (and Exhibit "B" as attached thereto); *see also Defendant Chauncey Damon Hill's Answer to Plaintiff's Complaint Objecting to Discharge and Adversary Proceeding for Damages and Equitable Relief*, ¶¶ 2, 16 (Docket No. 8)(the "Answer"). The State Court Order referred to a *Consent Judgment* entered in the Carroll County Action in favor of the Plaintiff against Resurgence Demolition & Environmental, LLC ("Resurgence") dated October 18, 2016 (Complaint, Exhibit "A") that the Debtor executed on behalf of Resurgence as Member/Manager. *See* Complaint, ¶ 12; Answer, ¶ 12. As of the Petition Date, the Indebtedness totaled $99,978.82, with interest accruing at a daily rate of $19.23. *See* Complaint, ¶ 20; Answer, ¶ 20. The Debtor formed Resurgence on April 13, 2010 and served as its sole member. *See* Complaint, ¶ 33; Answer, ¶ 33. The Debtor testified at the Evidentiary Hearing that Resurgence is no longer an operating entity. That testimony was uncontroverted.

[5] In addition, the Plaintiff asserted 11 U.S.C. § 523(a)(6) as a basis for non-dischargeability in Count I of the Complaint. *See* Complaint, ¶¶ 90-91, 94. This assertion was also resolved in the Count I Order.

*Holland and Defendant Eagle Demolition & Environmental, Inc., Motion for Extension of Time to Respond to Plaintiff's First Interrogatories and First Request for Production of Documents* (Docket No. 34), allowing Holland and Eagle Demolition until October 15, 2021 to amend or supplement the Original Motion to Dismiss and the Motion to Extend Time in light of the Court's ruling in the Count I Order, and allowing the Plaintiff until October 29, 2021 to file amended or supplemental responses.[6]

## II. Alleged Facts

The Indebtedness arose in connection with a demolition job involving the removal of telephone poles, pilings and other debris at Little Beach Island in the E.B. Forsythe National Wildlife Refuge in New Jersey in the fall of 2011 (the "Project"). Resurgence had entered into an agreement with the United States Fish and Wildlife Service as the primary contractor on the job. Chestnut Run entered into an agreement with Resurgence to perform this work as a subcontractor as reflected in a contract proposal from Resurgence to Chestnut Run dated October 24, 2011 (the "Contract"). Although Chestnut Run completed work on the Project as agreed, it was never paid by Resurgence or the Debtor under the Contract.

In addition to alleging in Count I of the Complaint that the Indebtedness is non-dischargeable, the Plaintiff attempts in the remaining seven (7) counts to connect the Debtor's liability to other individuals and entities who allegedly helped the Debtor hide assets and funds that the Plaintiff alleges should have been made available to the Plaintiff. In the Complaint, the Plaintiff seeks a determination of the extent of assets that he asserts belong to the bankruptcy estate

---

[6] As noted *supra*, pp. 2-3, amendments to the Original Motion to Dismiss and the Plaintiff's Original Response were filed by Holland and the Plaintiff respectively. Neither party filed an amendment concerning the Motion to Extend Time. The Court has considered both the Original Motion to Dismiss and the Amended Motion to Dismiss as well as both the Plaintiff's Original Response and the Plaintiff's Amended Response in issuing this Order.

and turnover of those assets to the chapter 7 trustee in this case (the "Trustee").[7] First, the Plaintiff asserts that the Equipment, which Plaintiff states is legally titled in the name of H&H Demolition, is equitably property of the Debtor and should be turned over to the Trustee for the benefit of the Debtor's bankruptcy estate. *See* Complaint, ¶¶ 116, 120. Second, the Plaintiff alleges that Resurgence and Eagle Demolition are alter egos and thus Eagle Demolition is equitably liable for the Indebtedness owed by the Debtor. *See Id.* ¶ 127. Next, the Plaintiff contends that Holland should also be held equitably and personally liable for the debts of Eagle Demolition because of her alleged depletion of its assets which should have been property of the Debtor's bankruptcy estate because it is allegedly an alter ego of Resurgence. *See Id.* ¶¶ 167-70. In addition to piercing the corporate veil to hold Holland liable, the Plaintiff alleges that assets of the Debtor were fraudulently transferred to Holland and such transfers should be avoided pursuant to Georgia's Uniform Voidable Transactions Act. *See Id.* ¶¶ 180-87. These allegations are described in more detail below.

    a. **Counts II and III**

In Count II of the Complaint, the Plaintiff seeks a declaratory judgment that the Equipment is equitably property of the estate. According to the Plaintiff, the Equipment was and still is legally titled in the name of H&H Demolition. However, the Plaintiff alleges that after H&H Demolition administratively dissolved on August 21, 2011, the Debtor continued to utilize the Equipment in his operation of Resurgence and Eagle Demolition. The Plaintiff cites O.C.G.A. § 23-2-96 as authority for reaching equitable assets of a debtor by creditors. In Count III, the Plaintiff then

---

[7] James G. Baker was duly appointed as the interim chapter 7 trustee in the Main Case on June 17, 2020. *See* Main Case, Docket No. 5; 11 U.S.C. § 701(a)(1). His appointment became permanent at the conclusion of the meeting of creditors on July 17, 2020. 11 U.S.C. § 702(d).

7

seeks turnover of this Equipment to the Trustee under 11 U.S.C. § 524 as property of the bankruptcy estate.

### b. *Counts IV, V, and VI*

In Count IV, the Plaintiff argues that Resurgence and Eagle Demolition are alter egos and thus the ownership and assets of Eagle Demolition belong to the Debtor's bankruptcy estate. The Plaintiff's allegations in Count V rely on the Count IV alter ego allegations and seek an injunction to prevent any additional transfers of the Equipment and Eagle Demolition's assets to the detriment of the Plaintiff and other creditors. In Count VI, the Plaintiff seeks to pierce the corporate veil and hold Holland individually liable for the Indebtedness because the Plaintiff asserts that the transfer from Resurgence to Eagle Demolition was merely a continuation of the Debtor's business enterprise now under Holland's purportedly fictitious ownership.

### c. *Count VII*

In Count VII, the Plaintiff seeks to avoid the transfer of Resurgence and Eagle Demolition's assets to Holland. The Plaintiff relies on O.C.G.A. § 18-2-72(a) to avoid two (2) transfers allegedly made by the Debtor. The first alleged transfer is the transfer of Resurgence Demolition to Holland. The second alleged transfer is the transfer of Eagle Demolition's assets to Holland, because Holland as the owner of Eagle Demolition allegedly paid herself instead of the Plaintiff.

### d. *Count VIII*

Finally, in Count VIII the Plaintiff seeks attorneys' fees and litigation expenses under O.C.G.A. § 13-6-11 based upon the Defendants having acted in bad faith and having been stubbornly litigious.

### III. The Motion to Dismiss

#### a. *Summary of the Argument*

Holland and Eagle Demolition set forth five (5) legal arguments in the Original Motion to Dismiss. First, they contend the Complaint fails to state a claim upon which relief as requested may be granted against them. Second, Holland and Eagle Demolition assert the Complaint is time-barred. Third, Holland and Eagle Demolition argue that, as to them, the Complaint is not a core proceeding and that this Court lacks subject matter jurisdiction to hear the claims asserted. Fourth, they maintain that the Complaint as to them is subject to mandatory abstention under 28 U.S.C. §1334. Fifth, Holland and Eagle Demolition contend that this Court does not have jurisdiction over the Complaint as to them based on *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). Further, in the Amended Motion to Dismiss, Holland and Eagle Demolition argue that Counts II through VIII cannot proceed as an adversary proceeding under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7001(1) and (6), because the Indebtedness is dischargeable, and because the Trustee is the only party allowed to recover estate property for the bankruptcy estate.

In support of the Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), made applicable herein through Bankruptcy Rule 7012(b), Holland and Eagle Demolition argue that the causes of action asserted in the Complaint are principally based on the breach of the Contract by the Debtor and Resurgence. They note that Eagle Demolition was not even formed until 2016, well after Chestnut Run and Resurgence entered the Contract. With regard to the specific allegations in the Complaint, Holland and Eagle Demolition stress that Counts IV, V, VI, and VII assert no new basis for liability against them under either contract or tort. They argue instead that the Plaintiff's allegations that the Debtor is the *de facto* owner of Eagle Demolition or

9

that Eagle Demolition maintains the Equipment all relate to the Plaintiff's efforts to satisfy his claim for Indebtedness against the Debtor, not Holland or Eagle Demolition. They further argue in their Amended Motion to Dismiss that the determination of the Debtor's discharge in the Count I Order renders the allegations contained in Counts VI through VII moot because the viability of those counts rests solely upon the claim of non-dischargeability.

Under Rule 12(b)(1), Holland and Eagle Demolition contend that jurisdiction has not been established with respect to the Plaintiff's claims for turnover or fraudulent conveyance because the claims "are essentially common law claims attempting to augment the estate" that do not "stem from the bankruptcy itself" and should be decided by an Article III court consistent with the holding of the Supreme Court in *Stern v. Marshall, supra,* 131 S. Ct. at 2618. Original Motion to Dismiss, pp.14-15. Holland and Eagle Demolition also state that the bulk of the Plaintiff's claims are based on Georgia state law and should be heard in state court, supporting dismissal or abstention under 28 U.S.C. § 1334(c). They also argue that seeking recovery of assets for the benefit of the estate is not permitted as an adversary action because the text of Bankruptcy Rule 7001 "excludes from adversary proceedings 'a proceeding to compel the debtor to deliver property to the trustee'" and because the Plaintiff is not authorized to bring these causes of action. Amended Motion to Dismiss, p. 5.

The Plaintiff argues that "related to" jurisdiction pursuant to 28 U.S.C. § 157(c)(1) is proper, at the very least, because Counts II through VII consist of claims seeking the determination of the extent of the assets of the estate and turnover of those assets to the Trustee. Plaintiff's Original Response, pp. 9-13. Further, the Plaintiff states that the Court's ruling in the Count I Order as to the dischargeability of the Indebtedness does not affect Holland or Eagle Demolition's liability to the Plaintiff. The Plaintiff also argues that the Motion to Dismiss is untimely pursuant

10

to Local Rule 7.1(A)(2) ("LR 7.1, NDGa") of the United States District Court for the Northern District of Georgia (the "District Court") because it was not filed within thirty (30) days after the beginning of discovery.[8]  Plaintiff's Original Response, p. 4.

### b. *Analysis*

In the Amended Motion to Dismiss, Holland and Eagle Demolition argue that all the Plaintiff's claims seek the recovery of assets allegedly transferred to Holland and Eagle Demolition for the benefit of the bankruptcy estate and that such "investigation of assets is the responsibility of the Trustee and is not a lawful basis for any creditor to maintain an adversary action." Amended Motion to Dismiss, pp. 5-7.  Whether a creditor can seek such recovery in bankruptcy, i.e., whether the Plaintiff has standing to assert such claims, is a threshold inquiry and lack of standing is proper basis to dismiss the Complaint.  *See E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 983 (11th Cir. 1990).  Thus, although Holland and Eagle Demolition make multiple arguments supporting their Motion to Dismiss, the Court must first determine whether the Plaintiff has standing to bring these claims.

The Court has jurisdiction to hear and determine the Motion to Dismiss pursuant to 28 U.S.C. §§ 157 and 1334.  Motions seeking dismissal based on an alleged lack of subject matter jurisdiction and for failure to state a claim are core proceedings.  *See Casey v. Grasso (In re*

---

[8] The Local Rules of the District Court apply in adversary proceedings before this Court, with certain limitations not relevant here, pursuant to Bankruptcy Local Rules 1001-3 and 7001-1.  In the Motion to Extend Time, Holland and Eagle Demolition contend that due to a calendaring error the Plaintiff's discovery requests "were not included in the undersigned's work flow until the receipt of a Bankruptcy Local Rule 7037-1 communication from Plaintiff's counsel dated February 26, 2021" and that both the Motion to Extend Time and the Original Motion to Dismiss were then filed on March 2, 2021, only four (4) days later.  Motion to Extend Time, p. 2.  Without determining whether such explanation justifies the untimely filing of the Motion to Dismiss under LR 7.1, NDGa, Holland and Eagle Demolition assert arguments based on the Plaintiff's lack of subject matter jurisdiction.  "It is well established that challenges of subject matter jurisdiction may be raised at any time and may even be raised by the court *sua sponte*." *Affinity Roofing, LLC v. The Cincinnati Ins. Co.,* 2020 WL 10486295 at *8 (N.D. Ga., Jan. 9, 2020)(citing *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)).  Therefore, the Court will not deny the Motion to Dismiss based on the Defendant's failure to comply with LR 7.1, NDGa.

*Riccitelli),* 320 B.R. 483, 487 (Bankr. D. Mass. 2005)("This motion (as opposed to the adversary proceeding as a whole) is a proceeding... to determine whether the court has subject matter jurisdiction over the adversary proceeding.... [T]his Court has jurisdiction to hear and determine the motion to dismiss and to enter an appropriate and final order on it."). Whether a party has standing "may be raised at any time during a proceeding by either the parties or the court." [9] *In re Harrold,* 296 B.R. 868, 871 (Bankr. M.D. Fla. 2003). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction." *In re Lett,* Case No. 10-61451-BEM, 2021 WL 5702707 at *1 (Bankr. N.D. Ga., Nov. 29, 2021).[10]

### 1. Counts II through VII

"In order to analyze standing the Supreme Court has formulated a two-component framework consisting of irreducible constitutional requirements[11] and prudential considerations." *In re Hall*, 415 B.R. 911, 921 (Bankr. M.D. Ga. 2009). Here, the Court is only concerned with the prudential considerations, as no party has objected to the Plaintiff's constitutional standing and there is no indication that those requirements are not met.

---

[9] H&H Demolition was not a party to the Motion to Dismiss. Nevertheless, the Court will consider the Plaintiff's ability to assert Counts II through VIII against H&H Demolition, *sua sponte*. *See Hay v. Indiana State Bd. of Tax Com'rs,* 312 F.3d. 876, 879 (7th Cir. 2002)("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). As the Court explains below, the prudential standing required for the Plaintiff to assert these claims against Holland and Eagle Demolition is the same standing required for him to bring these claims against all the Defendants under this bankruptcy Court's jurisdiction.

[10] Under Rule 12(b)(1), dismissal of a complaint is appropriate if the court lacks subject matter jurisdiction over the claim.

[11] To establish constitutional standing, "Plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *In re Lett,* 2021 WL 5702707 at *1 (Bankr. N.D. Ga., Nov. 29, 2021)(*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992)).

There are three (3) main prudential concerns: "(1) assertion of a third party's rights, (2) allegation of a generalized grievance rather than an injury particular to the litigant, and (3) assertion of an injury outside the zone of interests of the statute or constitutional provision." *Id.* In the past, if a plaintiff did not fall within the zone of interest protected by the statute it was said that the plaintiff lacked prudential standing; in more current parlance, the question is "whether the plaintiffs fall within the class of plaintiff whom Congress has authorized to sue." *Kurpati v. U.S. Bureau of Citizenship & Immigr. Servs.,* 775 F.3d 1255, 1260 (11th Cir. 2016). This consideration is of particular importance in bankruptcy cases because, upon filing, the Bankruptcy Code typically shifts the statutory authority to pursue a creditor's "asset-plundering claim" from a creditor to the trustee. *In re Wilton Armetale, Inc.,* 968 F.3d 273, 278 (3d Cir. 2020).

Once a bankruptcy case is filed, the chapter 7 trustee is given the exclusive power to "collect and reduce to money property of the estate" under 11 U.S.C. § 704(a)(1) and is further authorized under Section 544(b)(1) to bring certain causes of action that belong in the first instance to a creditor. *See In re Bos. Grand Prix, LLC,* 624 B.R. 1, 21-22 (Bankr. D. Mass 2020). The Plaintiff relies on 11 U.S.C. § 541(a) and (b) to assert in Counts II, IV and VI claims to determine the Debtor's equitable ownership of the Equipment and Eagle Demolition. Further, in Count V, the Plaintiff attempts to further administer the Debtor's bankruptcy estate by preventing transfers of alleged estate property.[12] The Plaintiff, however, lost the authority to assert these causes of action to collect and determine property of the estate when the Debtor filed for bankruptcy.

---

[12] Given the significant amount of time that has passed since the Complaint was originally filed, an injunction at this point would have little effect in preventing any alleged immediate or irreparable injury. Further, given that the Court finds below that dismissal of the remaining counts is appropriate, it is unlikely that the Plaintiff could prove a "substantial likelihood of success on the merits," which is required to receive injunctive relief.

13

Specifically, the Eleventh Circuit has held that a trustee in bankruptcy has the exclusive right to bring an alter ego claim under 11 U.S.C. § 541 when it is a general claim common to all creditors and allowed by state law. *In re Icarus Holdings, LLC,* 391 F.3d 1315, 1321 (11th Cir. 2004).[13] The current claims alleged in Counts II, IV and VI are based on state law[14] and are general given that the value of the Equipment, if proven to be property of the estate, would be used to pay all creditors in this case.[15] *See In re Harman,* 524 B.R. 352 (Bankr. N.D. Ga. 2015)(holding that the trustee had standing under Section 541 to allege that the debtor "and the other defendants orchestrated a fraud to deliver [debtor's] own income to other individuals and entities to hide assets").

The Plaintiff could only bring these claims if the Trustee had abandoned the claims or the Plaintiff had suffered a direct, particularized injury. *In re Wilton Armetale, Inc.,* 968 F.3d 273 (3d Cir. 2020). Neither of the exceptions apply here. First, although the Trustee's Report of No Distribution in the Main Case indicates that the Trustee does not intend to liquidate the Debtor's

---

[13] In the Plaintiff's Amended Response, the Plaintiff points to *In re Bos. Grand Prix, LLC, supra,* as support for his authority to prosecute these claims. The court in *In re Bos. Grand Prix, LLC,* determined that under Massachusetts law "the right to pierce the corporate veil belongs not to the corporation whose veil would be pierced but to its creditors." *In re Bos. Grand Prix, LLC,* 624 B.R. at 21-22. However, the proper interpretation of Georgia law on this issue, which applies in this case, is controlled by Eleventh Circuit precedent in *Icarus Holdings, LLC, supra*.

[14] The Plaintiff cites specifically to a Georgia statute as his basis for the relief sought in Count II. *See* O.C.G.A. § 23-2-90(a). As to Count IV and VI, the Plaintiff cites to *Baillie Lumber Co v. Thomson,* 279 Ga. 288, 289 (2005) as authority to bring these claims. In that case, the Georgia Supreme Court specifically confirmed the Eleventh Circuit's view in *Icarus Holdings, LLC, supra,* that, under Georgia law, the debtor-in-possession has the exclusive right to bring an action against its former principal to pierce the corporate veil and recover under an alter ego theory. *Id.* at 291.

[15] The Plaintiff seems to assert both a particularized as well as general injury against the Defendants in Count VI. The Plaintiff states that "Count VI is a claim to hold Vetia Holland personally liable for Eagle Demolition's indebtedness to the Plaintiff," while also stating that "the requests for relief herein are akin to the recovery of property belonging to the Estate." Plaintiff's Original Response, p. 12; Complaint, ¶ 172. Although these convoluted allegations create other practical complications, if the Complaint, as the Plaintiff claims, "is a Complaint for the determination of the extent of assets of the Bankruptcy Estate and for the turnover of those assets to the Estate," then the Plaintiff does not have authority to bring these claims. *See* Plaintiff's Original Response, p. 2.

14

potential interest in the Equipment, abandonment has not occurred.[16] Property is only abandoned by the Trustee after notice to all creditors and a hearing, or by operation of law following the formal closing of the bankruptcy case. 11 U.S.C. § 554. Further, if the Trustee did abandon this interest, any interest of the Debtor in the Equipment or Eagle Demolition would not be part of the bankruptcy case or under the Court's jurisdiction. *In re Jackson*, 548 B.R. 353, 397 (Bankr. N.D. Ga. 2016)("By operation of law, [], abandonment will remove the Debtor's interest, if any, in the Property from the bankruptcy case and will eliminate any need for this Court to resolve any dispute about that interest."). Second, as described above, the relief the Plaintiff is seeking is general rather than personal.

Similarly, the Plaintiff's causes of action for turnover and fraudulent conveyance, alleged in Counts III and VII respectively, are also avoidance actions to be pursued exclusively by the Trustee. *See In re Cooper,* 405 B.R. 801, 807 (Bankr. N.D. Tex. 2009)("[I]t is rather widely accepted that only the trustee (or debtor-in-possession in chapter 11) has independent standing to pursue chapter 5 avoidance actions and other estate causes of action.").[17]

In view of the foregoing, the Plaintiff does not have the prudential standing to bring these claims in the bankruptcy case, and thus Counts II through VII should be dismissed as to all the Defendants.

---

[16] Even if the Trustee did attempt to recover and liquidate the Equipment, it seems unlikely that such liquidation would result in any significant benefit to creditors (over and above the costs of collection) because the Equipment was last identified twelve (12) years ago, was not new then, and likely no longer has any significant value (if it still exists).

[17] There is an additional exception for creditors to pursue avoidance actions; however, it also does not apply in this case. An individual creditor can pursue fraudulent conveyance or turnover derivatively, but only if the creditor seeks and is given authority from the bankruptcy court based on a showing that "there is a colorable cause of action and the debtor-in-possession is unable or unwilling to fulfill its obligation." *Cooper, supra,* 405 B.R. at 810; *see also Chapman Lumber Co. v. Chapman*, 343 B.R. 217, 221(Bankr. N.D. Iowa 2006)("A creditor has no right to bring an avoidance action independently."). Throughout the pendency of this bankruptcy case, the Plaintiff has never sought derivative standing nor the Trustee's involvement in asserting these claims.

*2. Count VIII*

As to Count VIII, an award of attorneys' fees under O.C.G.A. § 13-6-11 is in the nature of special damages and thus must accompany or be in addition to an underlying award for damages. *See Gilmour v. Am. Nat'l Red Cross,* 385 F.3d. 1318, 1324 (11th Cir. 2004); *see also In re Dorsey,* 497 B.R. 374, 388 (Bankr. N.D. Ga. 2013)("Had the Court granted Defendant's Motion [to Dismiss], it is obvious that an award [under O.C.G.A. § 13-6-11] should not be granted."). Because the Plaintiff's claims have either been denied in the Count I Order or dismissed above, the Plaintiff cannot allege any "stubborn litigiousness" to state a claim under O.C.G.A. § 13-6-11 for which relief can be granted. Therefore, Count VIII should also be dismissed as to all the Defendants.

### IV. The Motion to Extend Time

In the Motion to Extend Time, Holland and Eagle Demolition state that they do not believe they were properly named as defendants in this Adversary Proceeding and based on their pending Motion to Dismiss, they requested an extension of time to respond to discovery until such time as the Court ruled on the Motion to Dismiss.

Based on the Court's ruling on the Motion to Dismiss herein, the Motion to Extend Time is now moot and will be denied on that basis.

### V. Conclusion

In view of the foregoing discussion, it is,

**ORDERED** that the Motion to Dismiss is **GRANTED** and Counts II-VIII of the Complaint are **DISMISSED**, and it is further,

**ORDERED** that the Motion to Extend Time is **DENIED** as moot.

16

The Clerk is directed to serve a copy of this Order upon the Plaintiff, counsel for the Plaintiff, counsel for Holland and Eagle Demolition, counsel for H&H Demolition, the Debtor, counsel for the Debtor, the Trustee, and the United States Trustee.

**[END OF DOCUMENT]**